EMERGING DISPLAY TECHNOLOGIES, CORP. Plaintiff-Appellee,
v.
UNICOMP, INC., Defendant-Appellant.
No. COA06-27
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Michael W. Strickland & Associates, P.A., by Michael W. Strickland, for Plaintiff-Appellee.
Jeffrey W. Norris & Associates, PLLC, by Jeffrey W. Norris, for Defendant-Appellant.
McGEE, Judge.
Unicomp, Inc. (Defendant) appeals from an order granting summary judgment in favor of Emerging Display Technologies Corp. (Plaintiff). We affirm.
Plaintiff filed a complaint on 18 August 2004 against Defendant alleging that between 13 November 2003 and 31 December 2003 Plaintiff sold and delivered to Defendant several thousand LCD displays and related goods, including 5,000 specially manufactured displays. Plaintiff filed suit to recover amounts owed for the sale, delivery, and manufacture of the goods, which totaled $311,972.04. In its complaint, Plaintiff also sought to recover reasonable attorney's fees and to have the costs of the action taxed to Defendant. Defendant timely filed an unverified answer denying Plaintiff's allegations. Defendant also asserted affirmative defenses, including that "Plaintiff [had] attached various documents to its complaint which appear to involve entities other than [D]efendant."
Plaintiff filed a motion for summary judgment on 9 March 2005, supported by its verified pleadings, an affidavit of its Chief Financial Officer, Peter Waker (Waker), and copies of several purchase orders and invoices. At the hearing on Plaintiff's summary judgment motion, Defendant attempted to introduce an affidavit in opposition to the motion. The trial court refused to admit Defendant's affidavit into evidence on the ground that it was not timely served on Plaintiff as required by Rule 56 of the Rules of Civil Procedure. The trial court proceeded with the hearing without considering Defendant's untimely affidavit. The trial court granted summary judgment in favor of Plaintiff in an order dated 3 May 2005. In the order, the trial court awarded Plaintiff $311,972.04 with interest, taxed Defendant with the costs of the action, and awarded Plaintiff attorney's fees in the amount of $6,139.00.
Defendant first argues the trial court erred by refusing to consider Defendant's affidavit in opposition to Plaintiff's motion for summary judgment. We disagree.
N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005) provides that "[i]f the opposing affidavit is not served on the other parties at least two days before the hearing on the motion, the court may continue the matter for a reasonable period . . ., proceed with the matter without considering the untimely served affidavit, or take such other action as the ends of justice require." The statute further provides that "service shall mean personal delivery, facsimile transmission, or other means such that the party actually receives the affidavit within the required time." Id. It is undisputed that Defendant's affidavit was offered at the hearing on Plaintiff's motion for summary judgment, and not before. Thus, according to the language of the rule, the trial court acted properly by proceeding with the hearing without considering Defendant's untimely affidavit.
We next consider whether the trial court erred in granting Plaintiff's motion for summary judgment. N.C.G.S. § 1A-1, Rule 56(c) provides that summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." The party moving for summary judgment bears the burden of showing there is no triable issue of fact. Dixon v. Hill, 174 N.C. App. 252, 261, 620 S.E.2d 715, 721 (2005), disc. review denied, 360 N.C. 289, 627 S.E.2d 619 (2006), cert. denied, Hill v. Dixon, ___ U.S. ___, 165 L. Ed. 2d 954 (2006). "[T]he forecast of evidence and all reasonable inferences must be taken in the light most favorable to the non-moving party." Woodson v. Rowland, 329 N.C. 330, 344, 407 S.E.2d 222, 231 (1991). Once the moving party meets its burden, the non-moving party must forecast evidence to demonstrate a prima facie case. Collingwood v. G.E. Real Estate Equities, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). N.C.G.S. § 1A-1, Rule 56(e) mandates that
an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
This Court has found that the non-moving party cannot rely solely on denials contained in an unverified answer. Dixon, 174 N.C. App. at 262-63, 620 S.E.2d at 721-22 (stating the non-moving party is "obligated to present a forecast of evidence  not mere allegations  demonstrating the existence of genuine issues of material fact").
We conclude the trial court did not err in granting summary judgment in favor of Plaintiff. Plaintiff's motion for summary judgment was supported by Waker's affidavit, along with purchase orders and invoices showing that the goods were sold to "UniComp." In his affidavit, Waker stated that Defendant placed various purchase orders with Plaintiff, which resulted in Plaintiff shipping to Defendant thousands of LCD displays. Waker stated that $311,972.04 remained unpaid, and that "Defendant has not objected to any of the invoices which accompanied the items delivered . . . and in fact acknowledged the invoices and indicated a willingness to pay the same." Defendant's inclusion of the affirmative defense that "Plaintiff has attached various documents to its complaint which appear to involve entities other than [D]efendant" wasinsufficient to demonstrate a triable issue of fact. The language of Rule 56(e) requires that the opposing party "set forth specific facts showing that there is a genuine issue for trial." Defendant failed to do so. Therefore, the trial court did not err in granting Plaintiff's motion for summary judgment.
Defendant also argues that the trial court erroneously awarded Plaintiff attorney's fees and improperly awarded interest. However, Defendant failed to assign error to either of these provisions of the trial court's order and relies on an assignment of error which states "[t]he [t]rial [c]ourt erred in granting Plaintiff's motion for summary judgment on the grounds that it constituted error in law and should not have been granted." Pursuant to Rule 10(c) of the Rules of Appellate Procedure, we find this assignment of error to be insufficient to properly bring this issue before this Court. N.C.R. App. P. 10(c)(1) ("An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made[.]").
Affirmed.
Judges WYNN and McCULLOUGH concur.
Report per Rule 30(e).